Turley, J.
delivered the opinion of the court.
This is a suit brought by the clerk of the county court of Giles, against the defendant, to recover a penalty of one hun *478 dred dollars, for having peddled clocks in said county, without having first procured a license therefor, under the provisions of the act of 1829, c. 62.
.Note. The statute of Elizabeth, in question, is entitled “An act concerning informers.” It is preceded by the following preamble. “For that divers of the Queen's Majesty’s subjects be daily unjustly vexed and disquieted by divers common informers upon penal statutes, notwithstanding any former statute that hath been made against their disorders, for remedy whereof” divers provisions are made, and the fifth section provides—
“And be it further enacted by the authority aforesaid, that all actions, suits, bills, indictments or informations, which after twenty days next after the end of this session of Parliament, shall be had, brought, sued or exhibited, for any forfeiture upon any statute penal, made or to be made, whereby the forfeiture shall be.limited to the queen, her heirs or successors only, shall be had, brought, sued or exhibited within two years next after the offence committed, or to be committed, against such act penal, and not after two years. And that all actions, suits, bills or informations, which, after the said twenty days, shall be had, brought sued or commenced, for any forfeiture upon any penal statute, made or to be made, except the statute of tillage, thebenefit and suit whereof is, orshallbe, by the said statute, limited to the queen, her heirs or successors, and to any other which shall prosecute in that behalf, shall be had, brought, sued or commenced, by any person that may lawfully pursue for the same as aforesaid, within one year next after the offence committed, or tobe committed, against the said statute; and in default pf such pursuit, that the same shall be had, sued, exhibited or brought for the Queen’s majesty, her heirs or successors, at any tíme within two years after that year ended. And if any action, suit, bill, indictment or information for any offence against any penal statute, made or to be made, except the statute of til. lage, shall be brought after the time in that behalf before limited, that then the suit shall be void and of non effect, any act or statute made to the contrary notwithstanding.”
*478 The warrant was issued on the 4th of January, 1838, and charges the offence to have been committed in the year 1834. This suit is prosecuted by the clerk for the benefit of the State.
By the words of the warrant, it is manifest that more than two years had elapsed after the commission of the offence, before the suit was instituted. The statute of the 31st Eliz. c. S, § 5, enacts “that all actions upon penal statutes, made, or .to be made, if the recovery is to be for the King alone, shall be prosecuted within two years after they shall have accrued.”
The question is, whether this statute is in force here? We think it is. The act of 1715, c. 31, § 7, passed in North Carolina, and in force in this State, provides that “all the laws of England made for the limitation of actions, and preventing vexatious law suits, shall be in force,” &c. This is conclusive on the question. The statute has the same validity here, as if it had been enacted here.
The judgment of the circuit court in arresting the judgment, was therefore correct, and will be affirmed.